Wilson, J.
Appellant, who is the plaintiff in this cause, conveyed by deed to defendants an undivided one-sixth interest in and to the Mountain Spring lode mining claim, situate in Dolores county. The consideration recited in the deed was $2,500 cash paid by defendants. The real consideration appears to have been that expressed in a written contract between the parties, executed contemporaneously with the delivery of the deed. This recited that the defendants expected in a reasonable time to start a tunnel on the Mountain Spring lode for the purpose of draining and working certain other mining property lying above and beyond said Mountain Spring claim. Then followed a provision to the effect that if defendants should prosecute the proposed tunnel into the described mining property, and should sell said mining group and the tunnel to advantage, then they would pay to plaintiff the sum of $2,500. There was a further provision that *41 if defendants in constructing said tunnel should run through a certain other lode mining claim in which plaintiff owned an interest, that plaintiff was to have the right of use thereof for his individual interest in said mining claim. It was also provided that if defendants should fail during two years from that time “ to run said tunnel,” then they would reconvey to plaintiff the interest in the Mountain Spring claim which he had conveyed to them as above mentioned. This suit was instituted by plaintiff to compel defendants to reconvey to him the said interest in the Mountain Spring mining claim, because of a failure, as he alleged, of defendants to run the tunnel within said two years, and in accordance with the terms of the agreement. It is conceded that defendants had within the time agreed upon, run the tunnel for a distance of about 900 feet, and had penetrated the territory of at least one of the two groups of claims mentioned in the contract. Trial was to the court, and judgment was for defendants. From this plaintiff appeals.
Counsel for’plaintiff in his brief frankly states that the only question involved in the appeal is whether the defendants have complied with their contract, wherein they agree to drive a tunnel into certain territory, as per the terms of the contract, or not. The argument of counsel for appellees is also confined solely to this question, and raises no other. This it will be seen at a glance, is a question of fact, and in such case the rule has been so firmly established as to need no citations of authority, that the appellate court will not disturb the findings and judgment of the trial court, unless manifestly against the weight of the evidence; where such judgment and findings have been rendered upon conflicting testimony. There was conflicting testimonjr here, and the findings and judgment of the court were not manifestly against the weight of the evidence, — in fact, the great weight of the evidence seems to be in support of them, and was sufficient to sustain them. Hence the rule undoubtedly applies. Appellant seeks to avoid this rule, however, by urging that the judgment was based upon the construction of the eon- *42 tract by the court, and not on conflicting evidence. We do not so understand it. The contract was so indefinite and uncertain in its terms, that the trial court properly permitted some parol evidence to explain it, but the controlling question still remained the matter of fact as to whether the defendants had complied with the provisions of their agreement. The findings and judgment of the court appear to have been supported by the terms of the contract, as explained by the testimony of the parties plaintiff and defendant, who were the only witnesses, and also by the evidence as to its execution.
If we should undertake to examine into this case upon the theory of plaintiff, we should be met at the outset by an insuperable obstacle. The evidence does not disclose, so that it can be at all understood, the location of the various mining claims and groups and their relative positions toward each other, which would be absolutely necessary for us to know in order to give any intelligent consideration to the theory of plaintiff, upon which he claims the nonfulfillment of the contract. There was some little attempted testimony on this point given by a mining engineer, but it was wholly based upon a map or plat of the ground, which he exhibited to the court, and from and in reference to which he testified. Without this plat, we could not get a definite understanding of the situation, and it is not in the record of the case. In fact, it does not appear to have been even offered in evidence.
The judgment will be affirmed.

Affirmed.